IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| BRIDGETTE WOODARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-030 |
| | ) | |
| PRIETO BROTHER'S CORPORATION; | ) | |
| LEON GONZALEZ; JOHN DOE; and | ) | |
| JOHN DOE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff seeks to add Integon Indemnity Corporation ("Integon Indemnity") and National General Insurance Company ("National General Insurance") as party Defendants in this case arising from a motor vehicle accident occurring April 17, 2023, in which Plaintiff alleges Defendant Gonzalez drove a vehicle in the course and scope of his employment or agency with Defendant Prieto Brother's Corporation ("Prieto Brother's") that struck Plaintiff's vehicle and caused her injury. (See doc. no. 31.) Plaintiff maintains these two parties should be added pursuant to Fed. R. Civ. P. 20 and under Georgia's direct action statutes, O.C.G.A. § 40-1-112 and § 40-2-140. (See id. at 1-2.) Prieto Brother's opposes adding Integon Indemnity but offers no opposition to the addition of National General Insurance. (See doc. no. 32.)

Rule 20 governs the permissive joinder of parties. Persons may be joined as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with

respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Under Rule 20, "[j]oinder is 'strongly encouraged' and the rules are construed generously 'toward entertaining the broadest possible scope of action consistent with fairness to the parties.'" Vanover v. NCO Fin. Servs., 857 F.3d 833, 839 (11th Cir. 2017) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966)). The Court has "broad discretion to join parties or not[,] and that decision will not be overturned as long as it falls within the district court's range of choices." Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002) (*per curiam*) (citation omitted).

Here, Plaintiff explains that in an abundance of caution, she filed a motion to add both Integon Indemnity and National General Insurance because she had been waiting for Prieto Brother's to provide the name and policy for its insurance and had only received the name of National General Insurance without the policy or declarations page - despite safer.fmcsr.dot.gov identifying Integon Indemnity as the insurance carrier providing coverage on April 17, 2023 - by the deadline for filing a motion to amend. (Doc. no. 31, p. 2.) In its partial opposition, Prieto Brother's provides a North Carolina Vehicle Declarations Page showing Integon Indemnity is the underwriter for the policy at issue, and it argues that given there is no relationship between the underwriter and National General Insurance, the underwriter should not be added under the Georgia direct action statutes and Rule 20. (Doc. no. 32, pp. 1-2; doc. no. 32-1, p. 4.)

Upon consideration of this recently produced information from Prieto Brother's, the Court the **GRANTS IN PART** the motion to add party-defendants. (Doc. no. 31.) Plaintiff shall have seven days from the date of this Order to file a complete amended complaint, as a

stand-alone entry on the docket, that adds only National General Insurance Company as a Defendant. Upon the filing of the amended complaint, the list of Defendants on the docket shall be updated to reflect the change allowed by this Order.

Should Plaintiff disagree with Prieto Brother's representations based on the newly-provided information, she may file a new motion to add Integon Indemnity by no later than fourteen days from the date of this Order. All other provisions of the June 20, 2025 Scheduling Order, (doc. no. 23), shall remain in full force and effect.

SO ORDERED this 28th day of August, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA